UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, JR. et al., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM JOSEPH KALANTA, et al., <br><br> Defendants. | Case No.   1:21-cv-01535-NONE-EPG <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF DOUGLAS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br><br> (ECF No. 2) <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiffs Richard William Douglas, Jr., Christine Anne Hurtt, and David R.L. Henderson, proceeding *pro se*, filed this lawsuit on October 18, 2021. (ECF No. 1). On the same day, Plaintiff Douglas (hereinafter Plaintiff) filed an application to proceed *in forma pauperis*.[1] (ECF No. 2). Because review of the application indicates that at least one Plaintiff can afford to pay the filing fee in this case, the Court recommends that the application be denied.

The "denial of leave to proceed *in forma pauperis* [is reviewed] for abuse of discretion." *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a

---

[1] The Court notes that no other Plaintiff has filed an application to proceed *in forma pauperis*. Because it appears that Plaintiff Douglas has sufficient funds to cover the filing fee for the case, the Court will not, at this time, direct any other Plaintiff to file an application to proceed *in forma pauperis*.

1

statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, "[a]n affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234. However, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Here, Plaintiff's application states that he makes $1438 per month (although he does not specify the source of this income) and that he has $2408.20 in cash or in a checking or savings account. (ECF No. 2, pp. 1-2). Plaintiff lists his total monthly expenses at approximately $270. (*Id.* at 2). He states that he owes $110,000 from a lawsuit involving some of the Defendants in this case but fails to specify whether he is actively paying towards this debt, and, if he is, how much he pays on a monthly basis. Given that Plaintiff has $2408.20 in cash or in a checking or savings account and that his monthly expenses are much lower than his monthly income, Plaintiff can afford the $402.00 filing fee for this action.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1.   Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED; and

2.   Plaintiffs be directed to pay the $402.00 filing fee in full if they want to proceed with their action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff Douglas may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff Douglas is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 20, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE