UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, JR. et al.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JOSEPH KALANTA, et al.,<br><br>Defendants. | Case No.   1:21-cv-01535-NONE-EPG<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF DOUGLAS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 3)<br><br>ORDER REQUIRING ALL PLAINTIFFS TO FILE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE NO LATER THAN DECEMBER 2, 2021 |

Plaintiffs Richard William Douglas, Jr., Christine Anne Hurtt, and David R.L. Henderson, proceeding *pro se*, filed this lawsuit on October 18, 2021. (ECF No. 1). On the same day, Plaintiff Douglas filed an application to proceed *in forma pauperis* (IFP). (ECF No. 2). Because review of the application indicated that Plaintiff Douglas could afford to pay the filing fee in this case, the Court issued findings and recommendations on October 20, 2021, that the application be denied and that Plaintiffs be directed to pay the filing fee to proceed with this action.

On October 28, 2021, Plaintiff Douglas filed objections stating, among other things, that his amount of available cash has recently decreased, that he has saved this money for "emergency relocation costs when defendants find out where [he is] through third party stalking," and that his only income is from Social Security disability benefits. (ECF No. 4, p. 1). After reviewing the

1

objections, the Court will give Plaintiff Douglas the opportunity to present this information in a renewed IFP application and will require Plaintiffs Hurtt and Henderson to also submit IFP applications.

Notably, the IFP statute, 28 U.S.C. § 1915(a)(1), authorizes a Plaintiff to commence a suit by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." To be considered to be an affidavit, the Plaintiff must have taken an oath or sworn by his statement. *Williams v. Pierce Cty. Bd. of Comm'rs*, 267 F.2d 866, 867 (9th Cir. 1959) (discussing § 1915). Here, while Plaintiff Douglas's IFP application was sworn under penalty of perjury, his objections contain new factual allegations that are unsworn and thus the Court may not rely on them for determining IFP status. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) ("When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'") (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Thus, the Court will require Plaintiff Douglas to file a renewed IFP application and Plaintiffs Hurtt and Henderson to file initial IFP applications.

Based on the foregoing, IT IS ORDERED that:

1. The Court's October 20, 2021 findings and recommendations (ECF No. 3) are vacated; and

2. No later than December 2, 2021, Plaintiff Douglas shall file a renewed IFP application and Plaintiffs Hurtt and Henderson shall file initial IFP applications, with each IFP application filled out in its entirety and stating all circumstances that the Plaintiffs wish for the Court to consider;

3. The Clerk of Court is directed to mail each Plaintiff the standard court IFP form (Form – AO 240);

4. Alternatively, Plaintiffs may decide to pay the $402.00 filing fee in full, no later than December 2, 2021, in lieu of submitting IFP applications.

5. Plaintiffs are cautioned that failure to timely submit IFP applications in proper form, or to pay the filing fee, may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 2, 2021**      /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

3