UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, JR. et al., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM JOSEPH KALANTA, et al., <br><br> Defendants. | Case No. 1:21-cv-01535-JLT-EPG <br><br> ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS <br><br> (ECF No. 10) <br><br> ORDER RESETTING INITIAL SCHEDULING CONFERENCE <br><br> (ECF No. 8) |

Plaintiffs Richard William Douglas, Jr., Christine Anne Hurtt, and David R.L. Henderson, proceeding *pro se*, filed this lawsuit on October 18, 2021. (ECF No. 1). On January 7, 2022, Plaintiff Christine Anne Hurtt filed a motion, purportedly on behalf of all Plaintiffs, requesting an unspecified extension of time to serve Defendants.[1] (ECF No. 10). As grounds, the motion states that "[d]ocuments have been out for service in a timely manner however, Defendants . . . Kalantas' and Hurtt have not accepted service as of today's date."

---

[1] Christine Anne Hurtt, as a non-attorney *pro se* litigant, may not bring a motion on behalf of the other Plaintiffs. Rather, any motion submitted must be signed by each individual Plaintiff that wishes to join the motion and provide the respective Plaintiff's address, e-mail address, and telephone number. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."). Regardless, the Court will *sua sponte* extend the time for service as to all Plaintiffs. However, Plaintiffs are directed to ensure that they comply with Rule 11 as to any future filings.

1

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Notably, "[c]ourts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Here, service is due as to all unserved Defendants on January 16, 2022. However, in light of the extension request, the Court will exercise its discretion to extend the time for service to March 16, 2022. Given this extension, the Court finds it necessary to reset the initial scheduling conference currently set for January 24, 2022. (ECF No. 8).

Based on the foregoing, IT IS ORDERED as follows:

1. Plaintiff Christine Hurtt's motion for extension of time (ECF No. 10) is granted;

2. The time for all Plaintiffs to serve all unserved Defendants is extended to March 16, 2022;

3. The Court directs Plaintiffs generally to Federal Rule of Civil Procedure 4, which governs the requirements for service. More specifically, Plaintiffs are directed to Rule 4(e), which provides instruction on how to serve individuals within a judicial district of the United States, and permits service, among other ways, by delivering a copy of the summons and of the complaint to the individual personally or by following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Additionally, the Court directs Plaintiffs to California Code of Civil Procedure § 413.10 *et seq.*, which discusses California's state law requirements for service.

4. The January 24, 2022 initial scheduling conference (ECF No. 8) is vacated and is reset for March 17, 2022, at 10 a.m.

5. The parties are directed to review the Court's December 10, 2021 order (ECF No.

8) setting a mandatory scheduling conference for the Court's requirements in connection with the initial scheduling conference, which include, among other things, the requirement that the parties file their joint scheduling report one week prior to the initial scheduling conference and also email in Word format this report to epgorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:  **January 11, 2022**                              /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE