UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, JR. et al., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM JOSEPH KALANTA, et al., <br><br> Defendants. | Case No. 1:21-cv-01535-JLT-EPG <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE MOTION TO REMOVE PLAINTIFF HENDERSON BE GRANTED AND THE CLAIMS BROUGHT BY PLAINTIFF HENDERSON BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF HIS FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER <br><br> (ECF No. 22, 23) |

Plaintiffs Richard William Douglas, Jr., Christine Anne Hurtt, and David Henderson, proceeding *pro se*, filed this lawsuit on October 18, 2021. (ECF No. 1). Plaintiffs Douglas and Hurtt have moved to remove Plaintiff Henderson as a plaintiff in this case. (ECF No. 22). Despite ordering Plaintiff Henderson to respond, he has failed to timely do so. (ECF No. 23). Also, Plaintiff Henderson has failed to file any opposition to the pending motion to dismiss. (ECF No. 18). Because Plaintiff has failed to prosecute this case and comply with a Court order, the Court recommends dismissal of the claims brought by Plaintiff Henderson, without prejudice, because of Plaintiff Henderson's failure to prosecute and comply with a Court order.

**I.  BACKGROUND**

This lawsuit generally alleges that Defendants were involved in the murder of Angela

1  Kalanta. (ECF No. 1). On January 28, 2022, Plaintiffs Douglas and Hurtt filed a motion to
2  remove Plaintiff Henderson as a plaintiff in this case, stating that they have had personal
3  disagreements and that Plaintiff Henderson has indicated that he will no longer be participating in
4  this case. (ECF No. 22). On February 1, 2022, the Court ordered Plaintiff Henderson to respond
5  no later than February 16, 2022, as to whether he intended to litigate this case. (ECF No. 23). He
6  was warned that, if he failed to file anything, his case against the Defendants may be dismissed
7  without prejudice for failure to prosecute and failure to comply with this Court's order under
8  Federal Rule of Civil Procedure 41(b). Additionally, on January 24, 2022, Defendants filed a
9  motion to dismiss, which Plaintiff Henderson has failed to file any timely opposition to. (ECF No.
10 18).

**II.   ANALYSIS**

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action or claims based on a plaintiff's failure to prosecute or comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff Henderson's failure to file a response to the Court's February 1, 2022 order, failure to oppose the motion to dismiss, and failure to otherwise prosecute this action is delaying the case. Such failures, absent even a request for an extension of time to submit

filings, indicates that Plaintiff Henderson has no intention of pursuing his case. Notably, Plaintiff Henderson has not filed anything in this case since the initial complaint on October 18, 2021. (ECF No. 1). Allowing Plaintiff Henderson's claims to proceed further, without any indication that he wishes to prosecute this action, would waste judicial resources. *Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion [for summary judgment] as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff Henderson's failure to prosecute this case and comply with a Court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff Henderson has chosen not to prosecute this action and to not comply with a Court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal of Plaintiff Henderson's claims without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

3

1. The motion to remove Plaintiff Henderson as a plaintiff in this case (ECF No. 22) be granted;

2. The claims brought by Plaintiff Henderson be dismissed, without prejudice, because of Plaintiff Henderson's failure to prosecute and comply with a Court order; and

3. Plaintiff Henderson be terminated as a Plaintiff from the docket.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **February 23, 2022**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

4