1

2

3

4

5

6

7                                      UNITED STATES DISTRICT COURT

8                                      EASTERN DISTRICT OF CALIFORNIA

9

10   RICHARD WILLIAM DOUGLAS, JR. et      Case No.   1:21-cv-01535-JLT-EPG
     al.,
11                                        FINDINGS AND RECOMMENDATIONS,
                     Plaintiff,           RECOMMENDING THAT PLAINTIFF'S
12                                        MOTION FOR DEFAULT JUDGMENT BE
            v.                            DENIED
13
     WILLIAM JOSEPH KALANTA, et al.,      (ECF No. 29)
14
                     Defendants.          OBJECTIONS, IF ANY, DUE WITHIN
15                                        FOURTEEN DAYS

16
            This matter is before the Court on the motion for default judgment filed by *pro se*
17
     Plaintiffs Richard William Douglas, Jr. and Christine Anne Hurtt. (ECF No. 29). For the reasons
18
     given below, the Court will recommend that the motion be denied due to Plaintiffs' failure to
19
     comply with Federal Rule of Civil Procedure 55(a).[1]
20
     **I.     BACKGROUND**
21
            Plaintiffs filed this lawsuit on October 18, 2021. (ECF No. 1). On January 24, 2022, they
22
     filed a proof of service of summons as to Defendant Modesto Police Department (Defendant),
23
     which states that Defendant was personally served via a records supervisor on December 29,
24
     2021. (ECF No. 15). On March 7, 2022, Plaintiffs moved for default judgment as to Defendant,
25

26

27   ──────────────────
     [1] A motion for default judgment is considered a dispositive matter that requires the issuance of findings
28   and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at
     *2 (N.D. Cal. July 15, 2015).

                                                   1

asserting that Defendant was properly served and has failed to timely answer.[2] (ECF No. 29).

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the court for a default judgment when a defendant has failed to plead or otherwise defend. "Before assessing the merits of a default judgment," a court must address certain preliminary issues. *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). A preliminary issue implicated here is Plaintiff's failure to obtain a clerk's entry of default under Federal Rule of Civil Procedure 55(a), which provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Importantly, Rule 55 provides a two-step process, first, a party must obtain a clerk's entry of default under Rule 55(a); second, the party must obtain a default judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Here, Plaintiffs have impermissibly skipped a step, applying for a default judgment under Rule 55(b)(2) before obtaining a clerk's entry of default under Rule 55(a). Accordingly, Plaintiffs' motion must be denied. *Tracy v. CEO, Successor Deutsche Nat. Tr. Co.*, No. 3:11-CV-0436-LRH-VPC, 2011 WL 6400311, at *1 (D. Nev. Dec. 20, 2011) ("Tracy's motion is without merit. In order to obtain a default judgment, a party must first obtain a clerk's entry of default which can only be obtained by establishing, through an affidavit, that a defendant has failed to plead or otherwise defend itself in the action. Here, no clerk's entry of default has been obtained by Tracy against defendant Miles. Thus, there is no basis for the court to enter a default judgment against her.") (internal citations omitted).

## III.   RECOMMENDATIONS

Based on the above reasoning, IT IS RECOMMENDED as follows:

---

[2] Plaintiffs also state that they have called Defendant regarding the initial scheduling conference but have heard nothing. However, this Court has vacated the initial scheduling conference in light of the pending motion to dismiss. (ECF No. 19).

1.  Plaintiffs' motion for default judgment (ECF No. 29) be denied; and

2.  Plaintiffs be given a deadline of thirty (30) days to apply for a clerk's entry of default.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 10, 2022**                    /s/ _Erica P. Grosjean_
                                                              UNITED STATES MAGISTRATE JUDGE

3