UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, JR. et al.,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM JOSEPH KALANTA, et al.,<br><br>Defendants. | Case No.   1:21-cv-01535-JLT-EPG<br><br>ORDER DIRECTING CLERK TO ENTER CLERK'S ENTRY OF DEFAULT<br><br>(ECF No. 31) |

Plaintiffs Richard William Douglas, Jr., Christine Anne Hurtt, and David Henderson, proceeding *pro se*, filed this lawsuit on October 18, 2021. (ECF No. 1). This matter is before the Court on the application for entry of default under Federal Rule of Civil Procedure 55(a) filed by Plaintiffs Douglas and Hurtt (Plaintiffs) against Defendant Modesto Police Department (Defendant). (ECF No. 31).

Rule 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, the Plaintiffs have provided their declarations asserting that Defendant has been served and has failed to timely answer. Accordingly, the Court will direct the Clerk to enter a clerk's entry of default on the docket.

However, Plaintiffs are advised that Rule 55 provides a two-step process, first, a party must obtain a clerk's entry of default under Rule 55(a); second, the party must obtain a default

judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). If the Plaintiffs move for a default judgment, "[b]efore assessing the merits of a default judgment," the Court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). Accordingly, even though Plaintiffs have asserted that service has been achieved, the Court is not concluding, at this time, that proper service has been achieved and will address that issue only if Plaintiffs move for default judgment. As to service, the Court provides the following guidance as to some of the relevant provisions.

Under Federal Rule of Civil Procedure 4(j)(2)(B), a state, a municipal corporation, or any other state-created governmental organization may be served in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Here, the proof of service filed by Plaintiffs states that service was made pursuant to California Code of Civil Procedure § 416.50, which provides as follows: "A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the *clerk, secretary, president, presiding officer, or other head of its governing body*." § 416.50(a) (emphasis added).

Additionally, as an alternative to service under § 416.50, service made be made under § 415.20:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, *and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left*. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

§ 415.20(a) (emphasis added).[1]

---

[1] If Plaintiffs review the Rules regarding service and conclude that they have not fully explained proper compliance with the Rules in their application for a clerk's entry of default, Plaintiffs may file a new application for clerk's entry of default before moving for default judgment.

Accordingly, IT IS ORDERED that the Clerk is directed to enter a default under Federal Rule of Civil Procedure 55(a) against Defendant Modesto Police Department.

IT IS SO ORDERED.

Dated: __**March 16, 2022**__                    /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE